UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X          18-CV-09849 (ER)
BEVERLY CRAWFORD,

                              Plaintiff,
      -against-

NAILS ON 7TH BY JENNY INC, individually
d/b/a JENNY'S SPA, NAILS ON 7TH II BY JENNY
INC., individually and d/b/a JENNY'S SPA, and
NGUYEN BUI, individually,

                              Defendants,

-----------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF ORDER TO SHOW CAUSE TO VACATE
## DEFAULT JUDGMENT

### Preliminary Statement

The Memorandum is submitted in support of Defendants' NAILS ON 7TH BY JENNY INC, individually d/b/a JENNY'S SPA, NAILS ON 7TH II BY JENNY INC, NGUYEN BUI (hereinafter Jenny) Order to Show Cause seeking to vacate the default judgment entered herein. Jenny has shown both a "mistake, inadvertence, surprise or excusable default" and a "meritorious defense" to the allegations of the complaint, in compliance with Federal Rule of Civil Procedure 60 (b) (1) and (4).

Jenny never received a copy of the Summons and Complaint and only discovered the pendency of this case within the last two weeks.

Jenny has numerous legal, factual and equitable defenses to this wage and hour action on against them.

The facts are set forth in the accompanying affidavit of Nguyen Bui and Memorandum of Law of Andrew C. Laufer submitted herewith.

POINT
I

## FEDERAL RULE OF CIVIL PROCEDURE 60(b) (1) AND (4) PROVIDES THE BASIS FOR VACATING THIS DEFAULT JUDGMENT

FRCP 60 (b) authorizes this Court to vacate a default judgment if the judgment was entered by "mistake, inadvertence, surprise or excusable neglect" or if the "judgment is void."

There is a strong preference for resolving disputes on the merits, N.Y. v. Green, 420 F.3d 99, 104 (2d Cir 2005).

> "a decision whether to set aside a default [Judgment] is a decision left to the sound discretion of the district court because 'it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties,'"

McLean v. Wayside Outreach Dev. Inc., 624 Fed.Appx. 44, 45 (2d Cir. 2015) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993)).

"A default judgment is 'void' if it is rendered by a court that lacks jurisdiction over the parties." City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011). "For a federal court to exercise personal jurisdiction over a defendant, 'the plaintiffs service of process upon the defendant must have been procedurally proper.'" Westchase Residential Assets II, LLC v. Gupta, No. 14-CV-1435, 2016 WL 3688437, at 2 (E.D.N.Y. July 7, 2016) (quoting Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012)); see also Sartor v. Toussaint, 70 Fed. Appx. 11, 13 (2d Cir. 2003) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected."). "[W]hen a judgment entered against the defaulting party is void, the Court has no discretion and is compelled to grant the motion for the reason that a void judgment cannot be

enforced." Sartor, 70 Fed.Appx. at 13 (quoting Wrobleski v. Morrissette, No. 96-CV-0182, 2000 WL 129184, at *1 (W.D.N.Y. Jan. 27, 2000)).

In New York, a process server's affidavit of service establishes a presumption of service, but "[a] defendant's sworn denial of receipt of service ... rebuts [that] presumption ... and necessitates an evidentiary hearing." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002); see also Weifang Xinli Plastic Prod. Co. v. JBM Trading Inc., 553 Fed.Appx. 42, 45 (2d Cir. 2014).

In S.E.C. v. McNulty, 137 F. 3d 732, 738 (2d Cir. 1998), the Second Circuit laid out three factors for resolution of motions to vacate defaults. The Second Circuit discussed these factors in De Curtis, 529 Fed.Appx. at 86 (alteration in original).

> "When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b)[1], the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166–67 (2d Cir. 2004) (internal quotation marks omitted). Of these factors, willfulness carries the most weight. Though each factor is to be considered, a "default should not be set aside when it is found to be willful." Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991).

### Willful or Excusable Default

"A default is willful when the conduct is 'more than merely negligent or careless,' but is instead 'egregious and not satisfactorily explained.'" Jaramillo v. Vega, 675 Fed.Appx. 76, 76- 77 (2d Cir. 2017) (quoting Bricklayers & Allied Craftworkers Local2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015)).

Here, there is no indication at all that the Defendant Jennys' default was willful. The

defendants never received the Summons and Complaint. This Defendants do not know why the Summons and Complaint was not received and knew nothing about the case until service of the Marshal's Notice of Sale & Levy. Clearly the default here was not "willful". Had the Defendants known about the case, they would have vigorously defended against it, since as has been demonstrated, they have many meritorious defenses.

## Meritorious Defense

"In order to make a sufficient showing of a meritorious defense[,] ... the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." Id. (quoting McNulty, 137 F.3d at 740). A "'defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense.' " Id. at 110 (noting that defendants "failed to submit ... even a single affidavit or any other evidence supporting their asserted defenses") (quoting Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001)); see also McLean, 624 Fed.Appx. at 45 (finding no meritorious defense because it was "made only in conclusory terms and [was] not accompanied by any supporting evidence"). " 'The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'" Pecarsky, 249 F.3d at 173 (quoting Enron Oil, 10 F.3d at 98).

In the present instance, the Jenny defendants allege, within their proposed answer attached hereto as Exhibit E and as incorporated within Mr. Bui's affidavit, that the plaintiff was never their employee and if she was, they fully complied with all of their obligations under the law.

### Prejudice

"In considering whether a plaintiff would be prejudiced if an entry of default were vacated, the Court must take into account more than mere delay or passage of time." Lopez, 2015 WL 545190, at *5 (citing Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). "Rather, it must be shown that the delay 'may thwart [the] plaintiff's recovery or remedy,' or 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. (alteration in original) (quoting Green, 420 F.3d at 110).

### The Temporary Restraining Order

Under F.R.C.P. 65 (b), this Court my restrain a party or any other person from actions which might irreparably harm another party. Here, as disclosed in the supporting affidavit, the seizure of assets from the Jenny defendants would make it impossible for their business to function and earn income. It would also be detrimental to their ability to satisfy any judgment in the unlikely event one is awarded against them once all the facts surrounding this litigation are fully vetted.

### Conclusion

For the reasons set forth herein we respectfully request this Court to sign the Order to Show Cause, vacate the default in answering and appearing, vacate the judgment against the defendants and temporally restrain the plaintiff, their agents, servants, and employees, and the Marshal for the City of New York from interfering with the Defendants' business during the pendency of this motion.

Dated: New York, New York
      July 29, 2019

                Law Office of Andrew C. Laufer, PLLC

By: _____
     Andrew C. Laufer
     For Defendants
     *NAILS ON 7TH BY JENNY INC, individually d/b/a JENNY'S SPA, NAILS ON 7TH II BY JENNY INC., individually and d/b/a JENNY'S SPA, and NGUYEN BUI, individually,*
     255 West 36th Street, Ste. 1104
     New York, New York 10018