UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BEVERLY CRAWFORD,

                Plaintiff,

-against-

NAILS ON 7TH BY JENNY INC, *individually d/b/a* JENNY'S SPA, NAILS ON 7TH II BY JENNY INC., *individually d/b/a* JENNY'S SPA, NGUYEN BUI,

                Defendants.

**ORDER**

18 Civ. 9849 (ER)

---

RAMOS, D.J.:

    Before the Court is Defendants' motion, Doc. 27, pursuant to Federal Rule of Civil Procedure 55(c), and Rule 60(b)(1) and (4), to vacate the default judgment, Doc. 22, entered against all defendants. For the reasons set forth below, Defendants' motion is GRANTED.

## I. BACKGROUND

    On October 25, 2018, Beverly Crawford ("Crawford"), brought this action for unpaid and overtime wages pursuant to the Fair Labor Standards Act and New York State Labor Law. Doc. 1. Crawford alleges, *inter alia*, that while she was working as a part time nail technician at Defendants' nail salon located at 305 E Fordham Road, Bronx, NY, she was not paid all due wages and overtime. *See generally id*.

    A summons was issued for each defendant on October 26, 2018. Doc. 4. On November 14, 2018, Crawford filed an affidavit of service. Doc. 5. In that affidavit of service, Angel Gutierrez ("Gutierrez"), a process server, declared that he served Defendant Nguyen Bui ("Bui") on November 7, 2018 by leaving a copy of, *inter alia*, the summons and complaint with Rosa Fernandez, who identified herself as "the co-worker of [Bui]," at C/O Nails on 7th By Jenny Inc. 305 E. Fordham Rd Bronx, NY 10458, and by mail addressed to Bui to the same location. *Id*.

On November 30, 2018, Crawford filed two additional affidavits of service for Defendants Nails on 7th by Jenny Inc. ("Jenny Spa I") and Nails on 7th by Jenny Inc. ("Jenny Spa II"). Docs. 6, and 7. In both affidavits, Jeffrey Teitel ("Teitel"), a process server, declared that he effected service on Jenny Spa I and II by leaving copies of the summons and complaint at the office of the New York Secretary of State with a clerk named Nancy Dougherty. *Id*. Attached to the affidavits, are two receipts for service directed to be made, pursuant to section 306 of the Business Corporation Law, to Jenny Spa I and II by Nancy Dougherty.[1] *Id*. Defendants were required to answer, at the latest, by November 29, 2018. They did not. On November 30, 2018, Crawford submitted proposed certificates of default for all three defendants. Docs. 10, 11 and 12. On December 3, 2018, they were executed and docketed. Docs. 14, 15 and 16.

On January 2, 2019, Crawford filed a proposed order to show cause for default judgment with this Court. On January 10, 2019, Crawford submitted three additional affidavits of service reflecting service of the proposed order to show cause on Bui, Jenny Spa I and II. Doc. 18. Again, Teitel declared that copies of the January 2 Order were served on Jenny Spa I and II via the New York Secretary of State. *Id*. at 2-3. Gutierrez declared that he served the papers on Bui personally by both leaving a copy with "Ashley Smith," who identified herself as a co-worker of Bui at Jenny Spa II, and by mail addressed to Bui to the same location. *Id*. at 4. A show cause hearing was held before this Court on January 17, 2019, at which only Crawford's counsel appeared. On January 18, 2019, this Court entered the default judgment against all three defendants in the total amount of $74,839.11. Doc. 22.

---

[1] The receipt for service on Jenny Spa II, lists its address as 305 E. Fordham Rd Bronx, NY 10458. *Id*.

On July 18, 2019, City Marshal Martin A. Bienstock served a "Marshal's Notice of Levy and Sale" on Defendants.[2] Doc. 28 Ex. B. On July 30, 2019, Defendants attempted to file a motion to vacate the default judgment, but were unable to do so due to a filing error. Doc. 25. The next day, Defendants properly refiled the motion to vacate the default judgment. Doc. 27. In support of their motion, Defendants also filed a Memorandum of Law, Doc. 29, an Affidavit of Bui along with a proposed answer attached thereto as Exhibit E, Doc. 28.

In his Affidavit, Bui declared that he does not know Rosa Fernandez, the person on whom service was made, nor was he ever given a copy of the complaint by anyone at his place of work. *Id.* ¶ 5. According to Bui, he "had no notice of the pendency of this action until the service of Marshal Beinstock's Notice of Levy & Sale." *Id.* ¶ 6. Bui also declared that he is the president and sole shareholder of Jenny I and II. *Id.* ¶ 1. Bui further declared that the affidavit of service for Jenny Spa I states that it was served via the Secretary of State for the State of New York, but neither corporation ever received a copy. *Id.* ¶ 7. Lastly, Bui declared that "neither I, my corporation, nor any names my company may have been doing business under have been properly served or served at all." *Id.* ¶ 9. The proposed answer attached to the Affidavit denies, *inter alia*, that Crawford was ever employed by Defendants. *Id.* Ex. E.

## II. DISCUSSION

Fed. R. Civ. P. 55(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Defendants move to set aside the default judgment on the grounds

---

[2] Defendants, in their motion to vacate, Doc. 27, also sought a temporary restraining order to prevent the enforcement of the Notice of Levy and Sale. However, under this district's updated electronic filing rule 18.1, Temporary Restraining Orders must be submitted in the traditional manner, to the Orders and Judgments Clerk, and should not be filed electronically. Because Defendants have not done so, the Court does not reach their application for a temporary restraining order here.

that the judgment had occurred as a result of "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and that the judgment is void for lack of service, Fed. R. Civ. P. 60(b)(4).

"A motion to vacate a default judgment is addressed to the sound discretion of the district court." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (internal citations omitted). In deciding such motions, courts in this Circuit apply a three-factor test: (1) whether the default was willful; (2) whether defendants demonstrate the existence of a meritorious defense to the defaulted claims; and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice. *W.B. David & Co., Inc. v. De Beers Centenary AG*, 507 Fed.Appx. 67, 69 (2d Cir. 2013) (internal citations omitted).

In the Second Circuit, there is a strong "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Johnson v. New York University*, No. 18-3305 (2d Cir. Jan 31, 2020) (summary order). While default procedures play an important role in keeping "the orderly and efficient of justice," they are "generally disfavored" and "reserved for rare occasions. *Id*. Therefore, when doubt exists as to whether a default should be vacated, "the doubt should be resolved in favor of the defaulting party," *id*, so as to ensure that actions will be resolved on the merits, *Sony Corp. v. S.W.I. Trading, inc.*, 104 F.R.D. 535, 539-40 (S.D.N.Y. 1985). Motions to set aside default judgments should be granted liberally. *See Standard Enterprises, Inc. v. Bag-It, Inc.*, 115 F.R.D. 38, 39 (S.D.N.Y. 1991) ("Rule 60(b) is its strongest in the context of setting aside default judgments…[t]here is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits")(internal citations omitted). With these general principles in mind, the Court now turns to the parties' arguments.

### A. Willfulness of the Default

Crawford's primary contention here is that Defendants acted willfully in ignoring facially valid service of process. Federal Rule of Civil Procedure 4(e) governs service of process on an individual. Under Rule 4(e), an individual may be served by, among other means, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" In New York, service may be made, in conjunction with service by mail of a second copy of the summons to the individual at their actual place of business, on "a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served." N.Y.C.P.L.R. § 308 (2).

Under New York law, a New York corporation such as Jenny Spa I and II may be served by personal delivery of process to, or leaving process with "any person authorized by the secretary of state to receive such service." *See* N.Y. Bus. Corp. Law § 306 (b)(1); N.Y.C.P.L.R. § 311(a)(1)(specifying that a business corporation may be served that way). If this method of service is chosen, service shall be complete "when the secretary of state is so served." N.Y. Bus. Corp. Law § 306(b)(1).

On the record, Crawford has submitted valid affidavits of service, which constitute a prima facie case of proper service. *Old Republic Ins. Co. v. Pacific Financial Services of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (citing *Nyctl 1997-1 Trust v. Nillas*, 288 A.D.2d 279 (2001)). In *Old Republic*, however, the Second Circuit held that a sworn denial of receipt of service rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing. *Id*.

Here, Bui has sworn denials of receipt of service both by him personally, and by Jenny Spa I and II, of which Bui declares he is the sole president and shareholder. Specifically, Bui declares under the penalty of perjury that he was never given a complaint by anyone at his place of work, that he did not know anyone by the name of "Rosa Fernandez," and that Jenny Spa I never received service via the New York Secretary of State. Bui further declares that that he did not have notice of the instant lawsuit against him until the service of Marshal's Notice of Levy & Sale, and that neither he nor his corporations ever received a copy of the complaint.[3] The record before the Court is devoid of evidence that Defendants engaged in deliberately evasive conduct, which is required for a finding of willfulness. *See United States v. Manhattan Central Capital Corp.*, No. 94 Civ. 5573 (WK), 2001 WL 902573, at *4 (S.D.N.Y. Aug. 09, 2001)(plaintiff must demonstrate "deliberately evasive conduct" that amounts to "more than mere negligence"). Because doubts exist as to whether Defendants were properly served, this factor counsels in favor of vacatur.

**B. Meritorious Defense**

In order to make a sufficient showing of a meritorious defense, a defendant needs not prove the defense conclusively, *see McNulty*, 137 F.3d at 740, but needs only present facts that if proven at trial, would constitute a complete defense. *Enron Oil Corp.*, 10 F.3d at 98. Defaulting defendants must "present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). Here, Defendants allege in their proposed answer, "as incorporated within Mr. Bui's [A]ffidavit, that [Crawford] was never their employee." Doc. 29 at 4. Although mere allegations are usually not

---

[3] Crawford's primary contention that Defendants' failure to allege that Jenny Spa II was not properly served is fatal to the instant motion is unavailing. As discussed, Bui does declare that his corporation, which would include Jenny Spa II, was never properly served or served at all.

6

alone sufficient to establish a meritorious defense, the case against Defendants will turn, in part, on the credibility of Bui. Regardless of the likelihood that this defense will carry the day, if proven at trial, it would constitute a complete defense. Accordingly, for purposes of this motion, Defendants have established that they have a meritorious defense, the validity of which will be tested at trial.[4] *Enron Oil Corp.*, 10 F.3d at 98 ("[t]he test of [a meritorious defense] is measured not by whether there is a likelihood that it will carry the day…but whether the evidence submitted, if proven at trial, would constitute a complete defense.")(internal citations omitted). As such, this factor also counsels in favor of vacatur.

### C. Prejudice to the Nondefaulting Party

In considering whether a plaintiff would be prejudiced if an entry of default were vacated, the Court must take into account more than mere delay or passage of time. *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). A plaintiff may demonstrate prejudice by showing "that delay will result in the loss of evidence, create increased difficulties of discovery, provide greater opportunity for fraud and collision, *id*, or that her "ability to pursue the claim has been hindered since the entry of the judgment." *Brown v. Gabbidon*, No. 06 Civ. 8148 (HB), 2007 WL at *3 (S.D.N.Y. May 14, 2007)(internal citations omitted). Prejudice may also be present if vacatur would "thward plaintiff's recovery or remedy." *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005). To meet this standard, "the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated." *Murray Eng'g, P.c. v. Windermere Properties LLC*, No. 12 Civ. 0052 (JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013).

---

[4] Crawford has submitted a letter purportedly from Bui stating that "Beverly Crawford is employed as my Assistant." *See* Doc. 32 Ex. I. However, Defendants have not had a chance to challenge its authenticity.

Here, Crawford contends that she will be prejudiced by a vacatur because she has substantially relied upon the default judgment by hiring a second law firm Bernard D'Orazio & Associates ("Bernard D") to help collect the default judgment, for which additionally attorneys' and costs have incurred. Additionally, she also contends that she has incurred significant litigation expenses in this case leading to the securing of the default judgment, about $10,000, with her first law firm. However, "costs and legal fees in pursuing a default judgment, as well as the costs incurred with respect to countering a defendant's motion to vacate, do not constitute prejudice." *Hernandez v. La Cazuela de Mari Restaurant, Inc.*, 538 F.Supp.2d 528, 534 (E.D.N.Y., 2007). Indeed, such costs would exist in almost every case involving a motion to vacate a default judgment. Therefore, Crawford fails to demonstrate prejudice as she does not contend that her ability to pursue her claim would be hindered by a vacatur. Accordingly, this factor does not counsel against vacatur.

Accordingly, taking into consideration the strong preference in favor of deciding cases on the merits, the Court finds that the extreme measure of a default judgment, which should only be granted as a last resort, *see Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981), should not be employed as yet.

## III. CONCLUSION

For the reasons set forth above, Defendants' motion to vacate the default judgment is hereby GRANTED. Defendants will answer or otherwise respond to the complaint no later than February 26, 2020.

It is SO ORDERED.

Dated: February 5, 2020
New York, New York

Edgardo Ramos, U.S.D.J.